# Barnett *v.* Riser's Executors.

*Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Vendor's lien; transfer of note for purchase-money.*—A vendor's equitable lien on land, for the unpaid purchase-money, does not pass to an assignee or transferree of the note given for the ·purchase-money, when the transfer does not involve the vendor in liability for the ultimate payment of the note, but secures to him all the benefits of a payment.

1. *Same; what objections avail on error.*—A decree enforcing a vendor's equitable lien on land, in favor of an assignee or transferree of the notes for the purchase-money, will not be reversed on error, because the record does not affirmatively show that the lien passed to him by the transfer of the note, when that question was not raised in the court below.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 23d December, 1875, by John ·W. Heacock and D. B. Riser, as executors of the last will and testament of George Riser, deceased, against William E. Barnett; and sought to enforce a vendor's equitable lien for the unpaid purchase-money of a tract of land, of which said ·Barnett was in possession, and which he had bought from one James S. Bowdon, giving his three notes for the purchase-money, each for $100, dated the 25th October, 1872, and payable on or before the 25th November, 1873. The bill alleged that, "on or about the 23d October, 1873, complainants' testator purchased from James S. Bowdon three promissory notes," particularly describing them, and stating their consideration; that Bowdon conveyed the land to Barnett, and placed him in possession; "that a lien in favor of said Bowdon, to secure the payment of said notes, attached to said land by virtue of the sale of said land by him to said Barnett"; that "this was an equitable lien, and accompanied the said notes, and complainants' testator, when he purchased said notes from said James Bowdon, became invested with said lien, as part of his purchase; and these complainants are now the owners of said notes, which have never been paid, in whole or in part, and of the said equitable lien on said land to secure the payment of them; and they aver that they are entitled to have their said· lien enforced in this court." The defendant answered, admitting the sale and conveyance of the land, his possession thereof, and the execution of his notes for the purchase; denying the

complainants' ownership of the notes, and the averment that they had not been paid; alleging, on the contrary, that they were fully paid and discharged to the said George Riser in his life-time; and as to the averments above copied, in reference to the purchase of the notes and the asserted lien, he answered, "that said averments state conclusions of law, and he can neither admit nor deny such averments." The chancellor submitted the issue of payment *vel non* to a jury; and they having found the issue in favor of the complainants, he approved the verdict, and rendered a decree for the complainants, for the amount due on the notes, ordering a sale of the lands by the register unless the amount was paid in twenty days. From this decree the defendant appeals, and assigns as error that neither the bill nor the evidence shows that the complainants had a lien on the lands.

GEO. W. PARSONS, for the appellant, cited *Hightower v. Rigsby*, 56 Ala. 126; *Bankhead v. Owen*, 60 Ala. 457; *Hall v. Click*, 5 Ala. 363; *Flewellen v. Crane*, at the last term.

TAUL BRADFORD, *contra.*—No question was raised in the court below as to the sufficiency of the bill, or as to the transfer of the notes; and none can be raised in this court for the first time. That the vendor's lien passes by an assignment of the purchaser's notes, see *Roper v. McCook*, 7 Ala. 318; *Magruder v. Campbell*, 40 Ala. 611; *White v. Stoner*, 10 Ala. 441; *Day v. Preskett*, 40 Ala. 624.

BRICKELL, C. J.—In *Hightower v. Rigsby*, 56 Ala. 126, and in *Bankhead v. Owen*, 60 Ala. 457, it was decided, after much consideration of the question, that the equitable lien of a vendor of lands, for the payment of the purchase-money, did not pass by a transfer of the note, which did not involve the vendor in liability for its ultimate payment, and which, in effect, operated, so far as he was concerned, and secured to him all the benefits of a payment. The bills, in those cases, affirmatively disclosed that such was the character of the transfer of the notes; and its operation to pass the lien was a question raised and decided in the Court of Chancery. In this case, it does not affirmatively appear that such was the character of the transfer, nor does it appear that, in the Court of Chancery, the sufficiency of the transfer to pass the lien was controverted.

It is a very general rule in appellate courts, which this court has observed very closely, that questions not made and decided in the primary courts, will not avail on error to reverse a judgment or decree, unless it be a want of jurisdic-

tion apparent on the face of the proceedings.—1 Brick. Dig. § 31, 776. The rule is conservative, and essential to prevent parties from being surprised by objections which, if it was not intended to waive, ought to have been made in the course of the proceedings, and before judgment or decree in the primary court; and which, if there made, would often be obviated. This bill avers that the complainant had purchased the notes of the vendor. The averment may be objectionable, for generality; but that objection was not made in the court below. If it had been, and the objection now made, that the transfer of the notes was without recourse on the vendor, we cannot say that, by an amendment disclosing the character of the transfer, the objections would not have been removed. Judgments or decrees are of too much value, and of too great dignity, to be reversed on error for objections of this kind, not made in the primary courts, and which parties not making must be presumed to waive.

Affirmed.